CIRCUIT COURT OF THE COUNTY OF PRINCE GEORGE'S, MARYLAND
MARYLAND
CIVIL DIVISION

ERWIN DEXTER WYNN )   CASE #: CAE10-23026
Plaintiff )   To be filled in by Clerk
v. )
) **COMPLAINT TO COMPEL SPECIFIC PERFORMANCE**
BANK OF AMERICA )
DEFENDANTS )
)
Erwin Dexter Wynn )
Real Injured Third Party Intervenor )
)
)

COMES NOW Erwin Dexter Wynn, for the Plaintiff, filing Pro Se, in this Action (the "Owner"), and files this Original Petition seeking damages and other relief (the "Petition") against the Defendants Bank of America, et al. (the "Bank"). As grounds for the relief requested in this Petition, the Owners respectfully would show unto the Court the following.

## I. FACTS

The Defendant is not the actual and/or legal holder of the debt the Defendant alleges I owe.

The Defendant has brought no equity to the transaction that was its own, not gained from conversion into equity of the commercial paper equity asset that was the account holder's note provided to the contract by myself.

Within a few days and up to several months after the closing of such mortgage loans as mine, the banking entity will sell the mortgage and promissory note to a GSE (government sponsored enterprise) such as Freddie Mac or Fannie Mae. (See United States Code Annotated, Title 2 The Congress, Chapter 17A Congressional Budget And Fiscal Operations, Secs. 621 and 622; Title 12 Banks And Banking, Chapter 13 National Housing, Subchapter III National Mortgage Associations, Sec. 1717 Federal National Mortgage Association and Government National Mortgage Association; Title 12 Banks And Banking, Chapter 46 Government Sponsored Enterprises, Sec. 4501 Congressional Findings; Sec. 4502 Definitions; Chapter 46 Government Sponsored Enterprises, Subchapter I Supervision And Regulation Of Enterprises, Part A Financial Safety And Soundness Regulator, Sec. 4511 Establishment Of Office Of Federal Housing Enterprise Oversight; Sec. 4512 Director; Sec. 4513 duty And Authority Of Director; Part B Authority Of Secretary, Subpart I General Authority, Sec. 4543 Public Access To Mortgage Information; Chapter 13

National Housing, Sec. 1723a General Powers Of Government National Mortgage Association and Federal National Mortgage Association and; Chapter 16 Federal Deposit Insurance Corporation, Sec. 1811 Federal Deposit Insurance Corporation)

Pursuant to the Defendant's Liability for <u>Failure to comply with any provision of Section 6 RESPA (24 CFR 3500.21) and the terms of the note involving **mortgage servicing transfers:**</u>

During Discovery, the Plaintiff will request the information including, but not limited to these items below, which will prove that the facts are clear and undisputable in favor of the Plaintiff. In this case for a court of law and evidence, the Plaintiff is requesting:

1. Certified copies: of the front and back sides of the Mortgage and Promissory Note certified to have been made within the last 30 days.

2. The name of the GSE that the servicer is or was acting under contract with and the servicing contract between the GSE and any and all previous mortgage servicers.

3. Further, please identify any folio of commercial paper in which my note from the loan/s being held in or have been repurchased from Asset Backed Certificates or Trusts of:
ALTERNATIVE LOAN TRUST,
Alternative Loan Trust,
CHL MORTGAGE PASS - THROUGH TRUST,
CHL Mortgage Pass-Through Trust,
CWABS ASSET-BACKED CERTIFICATES TRUST,
CWABS Asset-Backed Certificates Trust,
CWABS INC ASSET BACKED CERTIFICATES,
CWABS INC Asset-Backed Certificates,
CWALT INC - ALTERNATIVE LOAN TRUST,
CWALT, Inc. Alternative Loan Trust,
CWALT Inc Mortgage Pass-Through Certificates,
CWHEQ Home Equity Loan Trust,
CWMBS INC - CHL MORTGAGE PASS-THROUGH,
CWMBS, INC. - CHL Mortgage Pass-Through, or any other folio of commercial paper in which my notes from this loan are or were being held in Asset Backed Certificates or Trusts of other titles not designated here, or any Master Trust or SPV (Special Purpose Vehicle) to which the loan has been sold but you, or a prior purchaser or maker of the loan has retained possession of the instruments of.

And RECENT 8K FILINGS of those entities with which our notes are or were held in such Asset Backed Certificates or Trusts as required under the Securities Acts of the UNITED STATES and a copy of the Pooling and Servicing agreement under which they are or were held and other documentation, if necessary showing the Issuing Entity acting as   managing underwriter or Depositor, the Seller and Sponsor, Master Servicer, Trustee, Originator, NIM Insurer, and Cut-off and Closing Date of such arrangements that we might obtain and verify the prospectus of such Asset Pool or Trust in which our notes are identified as being  held or have been repurchased from.

Specifically, in these ways we ask for verification which may be considered legal verification of the debt enforceable in law <u>proving who is the actual holder of the debt in question, and that there are no markings on it or an allonge attached or reduced to computer disc showing that exchange, deposit or monetary conversion of it into equity has been gained</u> by the bank or any of its predecessors or successors in interest to cover the funding or purchase of this loan, <u>without the risk of loss to its existing assets and deposits to recover represented to me in the agreement.</u>

And several simple basic questions about the loan itself:

> It will be shown before the Courts that there were no existing assets, deposits or accounts of the bank, its depositors or other bank's debited and ultimately left showing a net loss of funds as a result of the funding of this loan or line of credit.

> That the bank used our notes/ credit agreement to originate the funds extended to us as consideration representing the bank's loan or line of credit.

> The evidence will show that the bank deposited or recorded, as an asset, our notes and on their own accounting records will show that the transaction resulted in an increase in their assets, not a decrease as would be seen had a loan, according to law, been made. When the Lender is required to provide the book entry accounting of the receiving or recording of our note/credit agreements on to the bank's books suitable for examination by licensed CPA, indicating in particular whether there was an increase in the bank's payable liabilities and deposit money credits resulting there from as factual documentation and evidence on which the bank answer is based or an affirmation signed by an officer of your bank competent to have reviewed and/or performed an audit under standard GAAP of the bank's actions and negotiations with the debt instrument.

Proof of ownership is critical in the law.

**Where the complaining party cannot prove the existence of the debt, then there is no debt.** This is established as well under WV Code 46-3-302, (and this states equivalent) holder in due course. The only notice sufficient to inform all interested parties that a security interest in instruments has been perfected is actual possession by the secured party, his agent or bailee." Bankruptcy Courts have followed the Uniform Commercial Code. *In Re Investors & Lenders, Ltd.* 165 B.R. 389 (Bkrtcy.D.N.J.1994), Unequivocally the Court's rule is that in order to prove the "instrument", possession is mandatory.

**These issues of holder of the debt are significant as a matter of law.**
To recover on a promissory note, the moving party must prove: (1) the existence of the note in question; (2) that the party sued signed the note; (3) that the plaintiff is the owner or holder of the

note; and (4) that a certain balance is due and owing on the note. See *In Re: SMS Financial LLC. v. Abco Homes, Inc.* No. 98-50117 February 18, 1999 (5th Circuit Court of Appeals) and the Courts have held further no part payments should be made on the bond or note unless the person to whom payment is made is able to produce the bond or note and the part payments are endorsed thereon.

If no one is able to produce the "instrument" there is no competent evidence before the Court that any party is the holder of the alleged note or the true holder in due course. Further, Common law also dictates that the plaintiff prove the existence of the alleged note in question, prove that the party sued signed the alleged note, prove that the plaintiff is the owner and holder of the alleged note, and prove that certain balance is due and owing on any alleged note. Federal Circuit Courts have ruled that the only way to prove the perfection of any security is by actual possession of the security. See *Matter of Staff Mortg. & Inv. Corp.*, 550 F.2d 1228 (9th Cir 1977).

Possession establishes a prima facie case of ownership. Leathers v. Turner, 75 Ga.App. 62, 41 S.E.2d 921 (1947). And proof of possession by production of the instrument entitles the holder to recover on it unless the opposing party establishes a defense. U.C.C. § 3-307(2). *Cf.* Pitillo v. Demetry, 112 Ga.App. 643, 145 S.E.2d 792 (1965)

"In a suit on negotiable instruments, the burden is initially on the party suing on the instruments to show *first* that he is a *holder* of the instruments sued on. UCC § 3-302; Hawkland, Cases on Commercial Paper and Bank Deposits and Collections 183 (1967).

We likewise note that plaintiffs failed to submit the reverse sides of the notes in question. No guarantee has been afforded defendant that the notes have not been negotiated nor has security been posted; no recovery in these circumstances would be possible in the state courts. Perkins v. Crittenden, 462 S.W.2d 565 (Tex.Sup.1970)

The defect in pleading by plaintiffs suing on notes that as holders of the notes they were entitled to bring the action and the lack of substantiation could not be cured by defendant's failure to raise the issue on summary judgment without unjustifiably shifting the plaintiffs' burden of establishing their cause of action to defendant. V.T.C.A., Bus. & C. §§ 3.301, 3.307(b), 3.603; Fed.Rules Civ.Proc. rule 56(e), 28 U.S.C.A

Absence of proof that plaintiffs as holders of notes sued on were entitled to bring the action was fatal to plaintiffs' claim for summary judgment. V.T.C.A., Bus. & C. § § 3.301, 3.307(b), 3.603; Fed.Rules Civ.Proc. rule 56(c), 28 U.S.C.A.

McCay v. CAPITAL RESOURCES COMPANY, LTD. 96-200 S.W.2d 1997
Where appellee apparently never possessed appellants' original note as provided in Ark. Code Ann. 4-3-309(a)(i) (Repl. 1991), but was required, even if it had, to have proven all three factors specified in 4-3-309(a) and did not do so, appellee could not enforce the original note's terms by the use of a copy; even if all three requirements in 4-3-309(a) had been proven.. Mortgage Securities Inc. v. Hartley LORD. No. 4D02-4051. July 23, 2003.

Mortgagee by assignment brought foreclosure action. The Circuit Court, 15th Judicial Circuit, Palm Beach County, Edward Fine and John Wessel, JJ., entered summary judgment for mortgagor. Mortgagee appealed. The District Court of Appeal, Stone, J., held that mortgagee could not maintain cause of action to enforce missing promissory note or foreclose mortgage, in absence of proof that mortgagee or assignor ever had possession of note.

FIGUEREDO v. BANK ESPIRITO SANTO No. 88-1808 Jan. 31, 1989. FL Third District. The plaintiff failed to produce for admission into evidence the original copy of a negotiable promissory instrument as is expressly required by section 90.953(1), Florida Statutes (1987). For this reason, the final judgment of foreclosure is vacated with directions for the trial court to receive the original promissory note in evidence

Further, more than present possession is required to establish standing to foreclose in this case. As noted after BANK OF AMERICA, or some other bank conglomerate tells me they are now the servicer or new holder, these documents show it may legally be negotiated a dozen or more times even when they are suppose to officially have it.
And therefore, whether BANK OF AMERICA, or one of these MASTER ASSET BACKED SECURITIES TRUSTS either currently has or in some cases here, had title to the note at the time foreclosure is a material fact clearly in question.

Further, the facts cited here suggests there is strong possibility and no evidence to the contrary that the Defendant as trustee of this contract, even knew who the true holder was at the time foreclosure was initiated or who it would turn out to be.

**And Plaintiff demands the right to have produced for the Court the original** Trust Deed and Promissory Note for examination by the Court **for evidence of such** markings on it or an allonge attached or reduced to computer disc showing that exchange, sale or transfer of the loan has been made  by one or more of the holders of these instruments since the making of the loan and who was actually holder of this debt at the time foreclosure was brought with standing to foreclose in its name.

"Federal Home Loan Mortgage Corporation was owner of notes and mortgages being serviced by debtor, and thus principal, interest, and escrow on deposit in debtor's account were not property of debtor's estate though Corporation did not hold original mortgages in its name, in that Corporation was holder of original notes. **In re Cambridge Mortg. Corp, Bkrtcyl.D.S.C. 1988, 92 B.R. 145"**

It is apparent unless the Defendants or their attorneys can demonstrate factually they are or were truly ignorant of who the real party in interest in this contract is or was at the time of foreclosure, or are at the time of this filing, this law firm and its client have either lied to deprive Plaintiff of information needed to make a defense against the holder of the debt.  Not knowing where the note is and who has it, or have perjured themselves in a fraudulent   legal Deed of Appointment of Substitute Trustee as to who is the holder, and even worse if who they have named in the Substitute of Trustee's Deed and is seen reported in the prospectus and to the SEC as holder of the debt legally does not exist.

And Plaintiff will pursue the appropriate actions for justice to be done in other courts and through the investigative divisions of those agencies of the United States Treasury Department to whom these issues pertain.

The Defendant continues to claim and collect against a debt that either does not exist or that they are not presently the actual and legal holder.

There is not shown the language and terms of the actual agreement which represented to us the borrowers the original lender had the risk of loss to recover represented in the language and terms of the contract.

The evidence will show that the Lender has, on or with the debt instruments gained through the use of monetary conversion equity, which has been gained by the original lending bank or **any of its successors in interest to cover the funding or purchase of this loan without that  risk of loss to its existing assets and deposits represented to me in the agreement**

## II. ADDITIONAL CAUSES OF ACTION

**A.  BILL IN EQUITY TO REMOVE CLOUD ON TITLE TO REAL ESTATE**

The Plaintiff's Property is subject to a claim or right asserted by the Bank.
The Plaintiff has an interest in the Property.
The Bank has filed a lien against the Property.
The Plaintiff's accordingly hereby requests a hearing to determine the validity of the lien or to equitably extinguish the Defendant's claim or right.
Venue in this action is proper in the county or city *wherein the Property is located*

**B.  FAIR DEBT COLLECTION PRACTICES ACT**

The Bank has violated the Fair Debt Collection Practices Act (the "Act") in numerous respects, as follows:
The Bank has made false, deceptive, and/or misleading representations and/or means in connection with collection on the Loan, in violation of 15 USC § 1692e(1).
The Bank has falsely represented the character, amount, and/or legal status of the Loan, in violation of 15 USC § 1692e(2)(A).
The Bank has threatened to take action that cannot legally be taken or that is not intended to be taken, in violation of 15 USC § 1692e(5).
The Bank has used false representation(s) or deceptive means to collect or attempt to collect a debt, in violation of 15 USC § 1692e(10).
The Bank has sought to collect amounts that were not expressly authorized by the Loan, in violation of 15 USC § 1692f(1).
The Bank failed to comply with the notice requirements of the Fair Debt Collection Practices Act, in violation of 15 USC § 1692g(a).
The Bank did not cease collection of the debt despite having been notified by the Owner/Plaintiffs in writing within the thirty-day period noted in § 1692g(b) that the debt was disputed, or requested the name and address of the original creditor, without taking the required responsive actions, in violation of 15 USC § 1692g(b).
These actions by the Bank violated the Fair Debt Collection Practices Act (FDCPA).

**C.  BREACH OF CONTRACT**

The Bank had a legal obligation to the Owner to disclose information that may affect the Owner.
The Bank breached that obligation by hiding critical information about the contracted transaction.
As a result of the Bank's breach of its obligation(s) to the Owner, the Owner has suffered consequential injury or damage.

**D.  BREACH OF CONTRACT—MISREPRESENTATION**

The Bank perpetrated a fraud upon the Owner including, but not limited to the violations as shown below.

### E. CONSTRUCTIVE FRAUD

The Bank made a false representation(s) of material fact by (the "Misrepresentation(s)").

The Owner relied on the Bank's Misrepresentation(s).

As a result of the Owner's reliance on the Bank's Misrepresentations, the Owner was damaged.

### F. QUASI-CONTRACT AND UNJUST ENRICHMENT

A benefit was conferred on the Bank by the Owner.

The Bank was aware of this Benefit.

The Bank has retained the Benefit under circumstances that would make it inequitable for the Bank to retain the Benefit without reimbursing the Owner for the value received.

### G. CONSTRUCTIVE TRUST, QUANTUM MERUIT

The Bank's fraud is discussed above.

The Bank will be unjustly enriched if they are allowed to continue collection for a debt that they do not own.

Accordingly, the Owner requests the equitable remedy of quantum meruit and requests that a constructive trust be imposed on the Property to prevent the Bank's unjust enrichment resulting from its wrongful retention of the Benefit to the Owner's detriment.

### H. CONVERSION

The Bank wrongfully exercised or assumed authority over the Owner's Property, depriving him of its possession, and exerted an act(s) of dominion over the Property in wrongful denial of, or inconsistent with, the Owner's rights.

### I. GROSS NEGLIGENCE

The Bank has seized, or has sought to seize, the Property through unlawful liens, the ordering for which there is no basis in fact whatsoever.

The Bank's actions exhibited a heedless and palpable violation of legal duties respecting the Owner's.

The Bank's actions exhibit an absence of even slight diligence and/or the want of even scant care.

### III. NOTICE OF RESCISSION OF SIGNATURES

I hereby rescind any and all signatures that I placed on any and all forms, documents, contracts, applications, promissory notes, security deeds, and the like, acted upon on or about November 30, 2005.

All unconscionable contracts are subject to rescission under the common law for failure to make the proper disclosures in constitute an acceptance, where there is no

meeting of the minds there is no contract as required by §226.23(b)(1) regarding notice of right to rescind as set forth in <u>In re Pearl Maxwell v. Fairbanks Capital Corporation, 281 B.R.101, 2002 Bankr. Lexis 759.</u> The UCC addresses unconscionability in §2-302.

I waive and reject any and all benefits express or implied arising from any such signatures.

As it is the Courts Sworn duty to provide the opportunity for justice to those seeking it with in the walls of these courts, it is requested that the Courts allow the Pro Se Plaintiffs the opportunity to correct any errors which may have occurred and change any document to fit the rules and formats of the Courts which are sworn to serve the rights of it's "People" in this Republic State and not the "format."

### PRAYER FOR RELIEF

Accordingly, the Plaintiff seeks quiet title to their Property, and respectfully requests that the Defendant be ordered to release all liens against the Property and/or to make full reconveyance of the Property to the Plaintiff. The Defendants should be ordered to restore and quiet title to the Property if it has been sold to a third party by the time these issues are adjudicated by this Honorable Court. Further, the Defendant should be permanently enjoined from any foreclosure actions against the Property.

The Plaintiff seeks Damages as outlined above, together with costs, reasonable legal fees, pre-judgment and post-judgment interest, and any and all other relief to which they may show to be justly entitled.

Respectfully submitted,

*[signature]*
Erwin Dexter Wynn as Pro Se

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing has been furnished, by USPS Mail postage prepaid, this __30th__ day of June, 2010 to:

BANK OF AMERICA
C/O BOA: POB 5170
SIMI VALLEY CALIFORNIA, 93062-5170

Mailed by: *[signature]*
Erwin Dexter Wynn