IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| EDWIN DEXTER WYNN,<br>  Plaintiff,<br><br>         v.<br><br>BANK OF AMERICA,<br>  Defendant. | *<br>*<br>*<br>*<br>*<br>*   Civil Action No. 10-cv-02644-AW<br>*<br>*<br>*<br>* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**Order**

In connection with Defendant Bank of America's foreclosure on his home, Plaintiff filed a Complaint, *pro se*, asserting numerous statutory and common law theories of recovery. Doc. No. 2. Pending before the Court is: (1) Defendant's Motion to Dismiss, Doc. No. 3, (2) Plaintiff's Motion for a Temporary Restraining Order, Doc. No. 6, and (3) Plaintiff's Motion to Sequester the Original Note, Doc. No. 7. Because the Court grants the Defendant's motion, the other motions will be denied as moot.

The purpose of a motion to dismiss is "to test the sufficiency of [the] complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). In resolving a motion to dismiss, the Court should proceed in two steps. First, the Court should determine which allegations in the Complaint are factual allegations entitled to deference, and which are mere legal conclusions that receive no deference. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949. Second, "[w]hen there are well-pleaded factual

allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 1950.

Plaintiff seeks to challenge Bank of America's foreclosure on his property, but his Complaint fails to provide a coherent statement of the facts underlying the mortgage transaction, his default on the mortgage, or the ultimate foreclosure proceedings. The Complaint lists the discovery Plaintiff would seek from Defendant if the Court allowed the case to go forward, without explaining why the materials sought would be likely to lead to relevant information. Furthermore, the Complaint cites a wide range of legal cases and jargon, but it fails to explain how those cases apply to the case or generate a plausible cause of action. He invokes many different causes of action, yet for each one, he provides only "[t]hreadbare recitals of the elements of [the] cause of action, supported by mere conclusory statements," which is insufficient to surmount a motion to dismiss. *Id.* at 1949.

Elsewhere in the Complaint, Plaintiff provides some facts, but with such lack of clarity that it is difficult, perhaps impossible, to discern precisely what wrongful actions he attributes to Bank of America. It appears that, behind all the legal jargon and disjointed factual narration, Plaintiff simply seeks to contest the validity of the foreclosure on his property. However, Plaintiff's concerns should be raised as defenses to the foreclosure action in the Prince George's County Circuit Court, not in a separate action. If the Circuit Court has already heard and rejected Plaintiff's defenses, this Court will not revisit those decisions; if Plaintiff failed to raise his defenses before the Circuit Court in a timely fashion, this Court will not disrupt the orderly conduct of the Circuit Court's foreclosure proceedings.[1] The Court suggests that Plaintiff

---

[1] Neither the Complaint nor Bank of America's Motion to Dismiss clarifies the status of the foreclosure action in the Circuit Court.

consider seeking legal advice in order to assist with the clear and effective presentation of the claims he wishes to make. Accordingly, it is, this 25th day of October, 2010, ordered that:

1) Defendant's Motion to Dismiss, Doc. No. 3, is GRANTED,

2) Plaintiff's Motion for a Temporary Restraining Order, Doc. No. 6, is DENIED,

3) Plaintiff's Motion to Sequester, Doc. No. 7, is DENIED,

4) The Clerk CLOSE this case, and

5) The Clerk transmit a copy of this Order to counsel and mail a copy to the *pro se* Plaintiff.

/s/
Alexander Williams, Jr.
UNITED STATES DISTRICT JUDGE